UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION DIVISION

| IN RE: | CASE NO. 17-12075 |
|---|---|
| | CHAPTER 13 |
| MARTINO M. WILSON | |
| | JUDGE JEFFERY P. HOPKINS |
| DEBTOR | **NOTICE OF FINAL CURE PAYMENT** |

Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13 Trustee, Margaret A. Burks files this Notice of Final Cure Payment. The amount required to cure the default in the claim listed below has been paid in full.

**Name of Creditor:** RUSHMORE LOAN MANAGEMENT SERVICES

**Final Cure Amount**

| Court Claim # | Account Number | Claim Asserted | Claim Allowed | Amount Paid |
|---|---|---|---|---|
| 1 | 4348 | $1,289.61 | $1,289.61 | $1,289.61 |
| 16 | 4348 | $ 902.18 | $ 0.00 | $ 0.00* |

*Pursuant to Order on 3/22/2018 (doc 46), Court claim 16 is disallowed.
Total Amount Paid by Trustee                                                                 $1,289.61

**Monthly Ongoing Mortgage Payment**

Mortgage is Paid:

**X**  Through the Chapter 13 Conduit          ___  Direct by the Debtor

Within 21 days of the service of the Notice of Final Cure Payment, the creditor MUST file and serve a Statement as a supplement to the holder's proof of claim on the Debtor, Debtor's Counsel and the Chapter 13 Trustee, pursuant to Fed.R.Bank.P.3002.1(g), indicating 1) whether it agrees that the Debtor has paid in full the amount required to cure the default on the claim; and 2) whether the Debtor is otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

The statement shall itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f). Failure to notify may result in sanctions.

See attached Memorandum detailing post-petition payments if case is a Conduit.

CASE NO. 17-12075

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Final Cure Payment was served **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and

by **first class mail** on July 19, 2022 addressed to:

MARTINO M. WILSON, 6517 GREENTREE DRIVE, CINCINNATI, OH 45224

RUSHMORE LOAN MANAGEMENT SERVICES, P.O. BOX 55004, IRVINE, CA 92619

                                           /s/ MARGARET A BURKS, TRUSTEE
                                           MARGARET A BURKS, TRUSTEE
                                           CHAPTER 13 TRUSTEE
                                           600 VINE, SUITE 2200
                                           CINCINNATI, OH 45202

# CHAPTER 13 TRUSTEE'S MEMORANDUM REGARDING NOTICE OF FINAL CURE

In addition to paying the pre-petition mortgage arrearage claim(s) totaling $1,289.61 to Rushmore Loan Management Services, the Trustee also paid post-petition payments as follows:

$1,102.18 for the months of NOVEMBER 2017-JUNE 2018 subtotaling $8,817.44;

$1,102.18 for the months of JULY 2018 subtotaling $1,102.18;

$1,266.62 for the months of AUGUST 2018 - JUNE 2019 subtotaling $13,932.82;

$1,210.06 for the months of JULY 2019 - JUNE 2020 subtotaling $14,520.72;

$1,261.29 for the months of JULY 2020 - JUNE 2021 subtotaling $15,135.48;

$1,167.32 for the months of JULY 2021 - OCTOBER 2021 subtotaling $4,669.28;

$1,166.06 for the months of NOVEMBER 2021 - JULY 2022 subtotaling $10,494.54.

Debtor(s) must resume the regular mortgage payment beginning with the August 2022 mortgage payment.