UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO 17-12075 |
| | | CHAPTER 13 |
| MARTINO M. WILSON | | |
| | : | JUDGE JEFFERY P. HOPKINS |
| DEBTOR | | |
| | : | **TRUSTEE'S OBJECTION TO CREDITORS' RESPONSE TO NOTICE OF FINAL CURE PAYMENT AND MOTION FOR FINAL DETERMINATION DIRECTED TO U.S. BANK, N.A. AS TRUSTEE AND ITS SERVICING AGENT, RUSHMORE LOAN MANAGEMENT SERVICES** |

Comes now the Chapter 13 Trustee, Margaret A. Burks and files this Objection to creditor's Response to Notice of Final Cure Payment ("Response") filed on 8/1/2022 (doc.110), and files this Motion for Final Determination pursuant to Fed.R.Bankr.P. 3002.1(h). The creditor in question is U.S. Bank, N.A., not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT ("U.S. Bank"), and its servicing agent, Rushmore Loan Management Services ("Rushmore").

The Trustee has made all disbursement requested by the mortgage creditor (and its predecessor holder of the mortgage), but the Response apparently claims that after the Trustee disbursed all payments due through July, 2022 under the mortgage contract, U.S. Bank and Rushmore claim that the loan remains due for the May, 2022 payment.

For the reasons set forth below, the Trustee requests an order instructing the mortgage creditor to adjust its records to reflect that the disbursement made by the Trustee have brought the mortgage current through July, 2022.

<u>HISTORY OF CLAIM ADMINISTRATION IN THIS CASE</u>

Debtor's Plan has always provided that the mortgage reflected by Claim 1 would be paid as a long-term debt with cure of prepetition default arrearage pursuant to 11 U.S.C. §1322(c)(5), but over time how post-petition payments were disbursed have changed.

On June 6, 2017, Wells Fargo Bank, N.A. (Wells Fargo) filed Claim 1, which asserted a pre-petition mortgage arrearage of $1,289.61, and a post-petition mortgage payment of $1,102.18.

Debtor's Amended Plan (Doc. 21) filed August 2, 2017 proposed a direct service of the on-going mortgage payment while the arrearage was cured. This Amended Plan was confirmed on September 19, 2017 (Doc. 22).

On November 28, 2017, an Agreed Order between Wells Fargo and debtor (Doc. 38) provided that the Trustee's administration would continue to pay the $1,289.61, along with a lump sum of $902.18 representing missing "direct pay" post-petition payments due through October, 2017.  Doc. 38 also provided that the $902.18 would be paid only if asserted via a supplemental claim within thirty (30) days of the Agreed Order, pursuant to this language in the final `paragraph of Doc. 38:

> ***Mortgage creditor, shall file a Supplemental Proof of claim for the post petition arrears in the amount of $902. 18 within 30 days of the entry of this Agreed Order. Should the Supplemental Proof of Claim not be filed within thirty (30 ) days, then it shall be disallowed and discharge upon completion of plan and discharge.***

This Agreed Order effectively created the on-going conduit, with the first post-petition mortgage payment accruing in the Trustee's records effective with the November, 2017 payment.

Claim 16 of Wells Fargo was not filed until February 1, 2018. For this reason, the Trustee objected to the claim as late (Doc. 44), which objection was granted (Doc. 46). This $902.18 was not added to the Trustee's administration, and per Doc. 38 quoted above, this amount will be discharged.

Wells Fargo filed Claim 17 in the amount of $2,703.44 to represent the amounts reflected in the subsequent Agreed Order (Doc. 71) for the three payments then outstanding as of June, 2018 (April – June, 2018, 3 x $1,102.18), though the Trustee had already included these three payments in the calculation of post-petition payments from November, 2017 through June, 2018. The Trustee therefore did not add Claim 17 to administration, and it was withdrawn (Doc. 85) on September 18, 2018.

Over the course of administration of the Plan, as confirmed and modified, the Trsutee has paid the pre-petition default arrearage of $1,289.61.

Below is as list of all portions of post-petition payments administered by the Trustee through July, 2022:

$1,102.18 for the months of NOVEMBER 2017-JUNE 2018 subtotaling $8,817.44 – pursuant to the post-petition payment asserted by Claim 1, and stipulations in Agreed Orders (Doc. 38 and Doc. 71).

$1,102.18 for the months of JULY 2018 subtotaling $1,102.18 – resumption of post-petition Payments under Claim 1

$1,266.62 for the months of AUGUST 2018 - JUNE 2019 subtotaling $13,932.82
See, Doc. 66, Notice of Payment Change filed 6/7/18

$1,210.06 for the months of JULY 2019 - JUNE 2020 subtotaling $14,520.72
See, Doc. 92, Notice of Payment Change filed 6/3/19

$1,261.29 for the months of JULY 2020 - JUNE 2021 subtotaling $15,135.48
See, Doc. 94, Notice of Payment Change filed 5/14/20

$1,167.32 for the months of JULY 2021 - OCTOBER 2021 subtotaling $4,669.28
See, Doc. 103 filed 5/27/21

$1,166.06 for the months of NOVEMBER 2021 - JULY 2022 subtotaling $10,494.54
See, Doc. 105 filed 10/8/21

Note also that assignments of Claim 1 were filed on March 22, 2021 (Doc. 100) and May 26, 2021 (Doc. 102), which have transferred the loan to U.S. Bank. Both of these transfers identify Rushmore as the servicer, and effective March, 2021, all disbursements made on the mortgage claim were made to Rushmore. Through February, 2021, all disbursements on the mortgage had been made directly to Wells Fargo.

All disbursement checks on these claims have been negotiated by the payee/claimant. Recent disbursements include:

- The May 2022 mortgage payment in the amount of $1,166.06 and part of June 2022 mortgage payment in the amount of $1,123.91 disbursed on 5/18/2022 as part of check #2147078 in the amount of $19,236.08. This check cleared on 5/24/2022.

- Part of June 2022 mortgage payment in the amount of $42.15 and July 2022 mortgage payment in the amount of $1,166.06 disbursed on 6/15/2022 as part of check #2148223 in the amount of $15,327.35. This check cleared on 6/27/2022.

The end result is that the Trustee had made all disbursements described above through June, 2022 to bring the mortgage current through July, 2022, as the July, 2022 contractual payment was included in this last disbursement. A ledger attached to the Response filed by U.S. Bank and Rushmore filed on August 1, 2022 confirms that the Trustee's June, 2022 disbursement was processed on June 24, 2022, so the creditor has all of the disbursements described above.

After all checks have clear, there appears a genuine disagreement over the status of the loan. The creditor apparently believes the mortgage was missing three payments for May, June, and July, 2022 as of July, 2022.

LEGAL STANDARD FOR REVIEW DRIVEN BY MORTGAGEE FILINGS

Adopted in 2012, Fed.R.Bank.P. 3002.1 creates a process whereby the creditor must keep the Trustee appraised of payment changes (R. 3002.1(b) ) and any other charges claimed by creditor during the case (R. 3002.1(c) ). In the case at bar, creditor filed a number of payment changes, tracked by the Trustee as documented above. No additional charges were claim under R. 3002.1(c).

The only obvious source of discrepancy under the events described above was the fact that the creditor waived $902.18 that had accrued through October, 2017 by not timely asserting its supplemental claim. That alone, however, would explain less than one of the three mortgage payments in in question, much less all three.

Prior to the adoption of R. 3002.1, practice in the Southern District of Ohio included the filing of a Motion to Deem Current by the Trustee after the Trustee completed administration of a long-term, on-going mortgage obligation. When the Trustee was able to demonstrate to the Court that the Trustee's disbursements matched the requests of the creditor reflected by creditor's filings, and the creditor was unable to explain why its records then did not show that a mortgage was current, the Cincinnati Bankruptcy Court has simply ordered the creditor to adjust its records to be consistent with the cure demonstrated by the Trustee. In re Allen, Case No. 01-12229 (August 23, 2005)(Aug., J.) – copy attached.[1] Judge Aug's Allen ruling made clear that such an order did not discharge non-dischargeable debt, but rather, creditors would be estopped from requesting additional amounts that would hold up the determination that the mortgage loan is current.

WHEREFORE, the Trustee seeks a determination that the disbursements made by the Trustee through July, 2022 paid the mortgage Creditor's on-going payments current through July, 2022; and that debtors should resume direct-payment servicing of the long term mortgage debt in August, 2022.

The Trustee requests that this matter be set for hearing.

---

[1] Note that during the administration of the Allen case, the Cincinnati Plan form required the notice of payment changes in real time now required by R. 3002.1(c).

        Respectfully submitted,

/s/ <u>Margaret A. Burks, Esq.</u>
Margaret A. Burks, Esq.
Chapter 13 Trustee
Attorney No. OH 0030377


Francis J. DiCesare, Esq.
Staff Attorney
Attorney No. OH 0038798
Tammy Stickley, Esq.
Staff Attorney
Attorney Reg No. OH 0090122
600 Vine Street, Suite 2200
Cincinnati, OH 45202
513-621-4488

mburks@cinn13.org Correspondence only
fdicesare@cinn13.org
Cincinnati@cinn13.org Court filings


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Creditor's Response to Notice of Final Cure and Motion for Final Determination was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **first claim Mail** on August 9, 2022  addressed to:

MARTINO M. WILSON
6517 GREENTREE DRIVE
CINCINNATI, OH 45224

JON J. LIEBERMAN, ESQ.
SOTTILE AND BARILE, ATTORNEY AT LAW
394 WARDS CORNER, SUITE 180
LOVELAND, OH 45140

RUSHMORE LOAN MANAGEMENT SERVICES
P.O. BOX 55004
IRVINE, CA 92619

U.S. BANK, N.A., TRUSTEE
ATTN: ANDREW CECERE, CEO
800 NICOLETTE MALL
MINNEAPOLIS, MN  55402


    /s/ <u>Margaret A. Burks, Esq.</u>
      Margaret A. Burks, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO  17-12075<br>CHAPTER 13 |
| MARTINO M. WILSON | | |
| | : | JUDGE JEFFERY P. HOPKINS |
| DEBTOR | | |
| | : | TRUSTEE'S OBJECTION TO<br>CREDITORS' RESPONSE TO NOTICE<br>OF FINAL CURE PAYMENT AND<br>MOTION FOR FINAL DETERMINATION |

The Chapter 13 Trustee, Margaret A. Burks, Esq. has filed papers with the Court to determine the balance due on a long-term mortgage debt as of the time of filing of the Trustee's Notice of Final Cure.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the relief sought in motion, or if you want the Court to consider your views on the motion, then on or before twenty-one (21) days from date on the certificate of service on the motion you or your attorney must:

    File with the Court a written request for a hearing, and a written response explaining your position at:

    U.S. Bankruptcy Court
    Atrium II, Suite 800
    221 East 4th Street
    Cincinnati, Ohio 45202

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to:

MARTINO M. WILSON
6517 GREENTREE DRIVE
CINCINNATI, OH 45224

Brooke E Elliott
Amourgis & Associates
3200 W. Market Street
Ste 106
Akron, OH 44333

Margaret A. Burks, Esq.
Chapter 13 Trustee
600 Vine Street
Suite 2200
Cincinnati, Ohio 45202

        US Trustee
        J.W. Peck Federal Building
        550 Main St.
        Room 4-812
        Cincinnati, Ohio 45202

    The Court will send you a separate notice if it sets a hearing.

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date:    August 9, 2022                      /s/ Margaret A. Burks, Esq.
                                                                Margaret A. Burks, Esq.